UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:18-CR-232-T-17JSS

JEFFREY LUIS RODRIGUEZ, and
MARY BELL RODRIGUEZ.

_____/

ORDER

This cause is before the Court on:

Dkt. 76  Motion in Limine
Dkt. 83  Response

Defendant Jeffrey Rodriguez moves for a pre-trial ruling on the admissibility of the testimony of the Government's expert witness, Julia Meryl Pearson, pursuant to Fed. R. Crim. P. 16, and Fed. R. Ev. 702, 703, 705, the Court's Pretrial Discovery Orders, and **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993) and **Moore v. Ashland Chemical, Inc.**, 151 F.3d 269 (5th Cir. 1998)(en banc).

Defendant Mary Bell Rodriguez has adopted Defendant Jeffrey Luis Rodriguez' Motion in Limine. (Dkt. 80).

I.  Dkt. 45  Superseding Indictment

The Superseding Indictment includes the following Counts:

Count 1  Conspiracy to Distribute Heroin and Fentanyl
(containing introductory allegations stating
that heroin and fentanyl are opioids, generally

                explaining the effect of opioid drugs on the brain, and too much of an opioid caused serious bodily injury in the form of an overdose event)
Violation of 21 U.S.C. Sec. 846
as to both Defendants

Count 2       Distribution of Heroin
(resulting in serious bodily injury to Donald Calvin Hatch)
Violation of 21 U.S.C. Sec. 841(a)(1)
as to Defendant Jeffrey Luis Rodriguez

Count 3       Distribution of Fentanyl
Violation of 21 U.S.C. Sec. 841(a)(1) and
18 U.S.C. Sec. 2
as to Defendant Jeffrey Luis Rodriguez

Count 4       Distribution of Heroin
Violation of 21 U.S.C Sec. 841(a)(1) and
18 U.S.C. Sec. 2
as to Defendant Jeffrey Luis Rodriguez

Count 5       Distribution of Heroin
Violation of 21 U.S.C. Sec. 841(a)(1) and
18 U.S.C. Sec. 2
as to both Defendants

Count 6       Distribution of Heroin and Fentanyl
Violation of 21 U.S.C. Sec. 841(a)(1) and
18 U.S.C. Sec. 2
as to both Defendants

Count 7       Distribution of Heroin and Fentanyl
Violation of 21 U.S.C. Sec. 841(a)(1) and
18 U.S.C. Sec. 2
as to Defendant Jeffrey Luis Rodriguez

Count 8       Distribution of Heroin and Fentanyl
Violation of 21 U.S.C. Sec. 841(a)(1) and
18 U.S.C. Sec. 2
as to Defendant Mary Bell Rodriguez

Case No. 8:18-CR-232-T-17JSS

and Forfeiture.

(Dkt. 45).

II.    Dkt. 76    Defendant's Motion

Defendant Rodriguez argues that the Pretrial Discovery orders entered in this case required that the Government disclose:

> "A written summary of any testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must disclose the witnesses' opinions, the bases and reasons for these opinions, and the witnesses' qualifications, as set forth in Rule 16(a)(1)(G)."

(Dkts. 17, 53).

Defendant Rodriguez argues that the Government's disclosure was due June 10, 2018 as to Defendant Jeffrey Luis Rodriguez, and due on April 22, 2019 as to Defendant Mary Bell Rodriguez, but to date, only the witness' qualifications have been provided.

Defendant Rodriguez asserts that on July 2, 2019, Defendant received the Government's notice that Dr. Pearson "is expected to testify about the effects of fentanyl and narcotics on the body." Defendant Rodriguez argues that the Government's disclosure does not reveal Dr. Pearson's conclusions, what analytical process or other source Dr. Pearson employed to reach her conclusions, or whether that process can be tested.

Defendant Rodriguez argues that since receipt of the Government's notice that the Government intends to call an expert witness at trial, Defendant Rodriguez has attempted to locate a rebuttal expert witness, but has been unable

3

Case No. 8:18-CR-232-T-17JSS

to locate such a witness on short notice.

III.   Dkt. 83    Government's Response

The Government responds that Dr. Julia Pearson did not examine anyone or anything in this case; at trial Dr. Pearson would testify as to the effects of fentanyl on the body, and how its use contributes to serious bodily injury.

The Government argues that the toxicology report of Dr. Pearson was produced to Defendant Jeffrey Luis Rodriguez on December 15, 2018, Bate Stamp 495, and was produced to Defendant Mary Bell Rodriguez on May 10, 2019. The toxicology report of Dr. Pearson dated March 21, 2018 confirms that a substance is fentanyl.

The Government points out that Dr. Pearson's report dated March 21, 2018 and subsequent testimony were used in Case No. 8:18-CR-235-T-36AAS, U.S. v. Corey Diamond Smith, Jr.

Dr. Pearson provided her curriculum vitae to the Government on July 1, 2019, and the Government provided the CV to defense counsel on July 2, 2019.

The Government further argues that courts routinely allow toxicologists to testify about substances found in the human body, *e.g. **United States v. Klemis**,* 859 F.3d 436, 443 (7th Cir. 2017), and Defendant Rodriguez has not refuted that Dr. Pearson's testimony is relevant and reliable, or shown that the testimony would not assist the trier of fact.

Case No. 8:18-CR-232-T-17JSS

IV.   Discussion

A.   Violation of Pretrial Discovery Order

Defendant Rodriguez contends that the Government violated the Court's pretrial discovery order, and Defendant Rodriguez has been prejudiced in Defendant's ability to prepare for trial by the violation.

The Government argues that the Government timely provided Defendant Rodriguez with the toxicology report of Dr. Julia Pearson within the Government's disclosure, and provided Dr. Pearson's CV as soon as the Government had the CV.

The Court notes that Dr. Julia Pearson is the chief forensic toxicologist at the Hillsborough County Medical Examiner's Office, and her education and experience are a matter of public record.

Fed. R. Crim. P. 16(d)(2) provides:

> **(2) Failure to Comply.** If a party fails to comply with this rule, the court may:
>
> (A)   order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe just terms and conditions;
> (B)   grant a continuance;
> (C)   prohibit that party from introducing the undisclosed evidence; or
> (D)   enter any other order that is just under the circumstances.

Case No. 8:18-CR-232-T-17JSS

The decision to impose a sanction for violation of Rule 16 is a matter committed to the Court's sound discretion. In exercising its discretion, the district court must weigh several factors, and, if it decides a sanction is in order, should fashion "the least severe sanction that will accomplish the desired result–prompt and full compliance with the court's discovery orders." **See United States v. Euceda-Hernandez**, 768 F.3d 1307, 1312 (11th Cir. 1985). Among the factors the court must weigh are the reasons for the Government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance, or, if the jury has been sworn and the trial has begun, a recess. *Id.*

The Government did not comply with the Pretrial Discovery Order by providing the required written summary, along with the bases and reasons for the opinions.

The Court does not know the reason for the delay in compliance. However, since the Government has identified of the limited scope of Dr. Pearson's expected testimony (the effects of fentanyl on the body and how its use contributes to severe bodily injury), the toxicology report of Dr. Pearson dated March 21, 2018 was timely provided to Defendant, and Dr. Pearson's CV was provided to Defendant on July 2, 2019, the Court finds that any prejudice to Defendant is minimal. It does not appear that a continuance of the trial scheduled on July 15, 2019 is necessary. The Court cautions the Government to comply with the letter as well as the spirit of pretrial discovery orders.

Case No. 8:18-CR-232-T-17JSS

B.  *Daubert* determination

The Court cannot make a *Daubert* determination at this time. Defendant's Motion does not address Dr. Pearson's qualifications, the substance of Dr. Pearson's opinions and Dr. Pearson's methodology in reaching those opinions. Without more information, the Court cannot determine that Dr. Pearson is qualified, cannot evaluate the reliability of Dr. Pearson's methodology and cannot determine whether the opinion will assist the trier of fact. Accordingly, it is

**ORDERED** that Defendant's Motion in Limine (Dkt. 76) is **denied** as to any violation of Fed. R. Crim. P. 16, and **is denied without prejudice** under Fed. R. Rev. 702, 703 and 705.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 12th day of July, 2019.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

7